IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARSHALL DEWAYNE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1082-R |
| ) | |
| UNKNOWN FEDERAL AGENTS and the ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Marshall Dewayne Williams, a federal prisoner appearing pro se and in forma pauperis, brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his federal constitutional rights.[1] The matter has been referred by United States District Judge David L. Russell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 2] has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). For the reasons set forth below, the Court finds Plaintiff's Complaint should be dismissed because it fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure, the claims raised are frivolous, and the Complaint does not state any plausible claims upon which relief may be granted.

---

[1] Plaintiff is a federal prisoner and brings claims against federal agents and the United States for violations of his constitutional rights. Therefore, the Court construes his claims as brought pursuant to *Bivens*. Although Plaintiff cites 42 U.S.C. § 1985 as a basis for recovery, the Complaint, as related to the claims before this Court, does not set forth any facts asserting "racial, or class-based invidiously discriminatory animus" as required under § 1985. *See United Brotherhood of Carpenters & Joiners of Am., Local 610, AFL-CIO, et al., v. Scott*, 463 U.S. 825, 837 (1983); *see also Wolfson v. Bruno*, 265 F. App'x 697, 698-99 (10th Cir. 2008) (affirming dismissal of federal prisoner's claims brought pursuant to § 1985 and stating that § 1985 requires proof of a conspiracy based on some "invidious discriminatory animus, such as racial or otherwise class-based animus.") (citation omitted).

I.   **Procedural History**

Plaintiff is currently incarcerated at the United States Penitentiary in Beaumont, Texas. Plaintiff commenced this action by tendering a civil rights complaint for filing in the United States District Court for the Eastern District of Texas. That court found that Plaintiff's complaint addressed events occurring in Memphis, Tennessee; Forrest City, Arkansas; Lexington, Kentucky; Inez, Kentucky; Oklahoma City, Oklahoma; and Lewisburg, Pennsylvania. The court further found that "the events that occurred in each location present different factual scenarios, making it impractical to adjudicate all of the claims in a single lawsuit." Therefore, the court severed the claims relating to each location into different lawsuits and directed that the Clerk of Court assign separate civil action numbers to the claims. *See* Order [Doc. No. 1]. After assigning a new civil action number as to claims occurring in Oklahoma City, Oklahoma, the court then transferred the action to this judicial district pursuant to 28 U.S.C. § 1406(a). *See* Order [Doc. No. 5].[2]

II.   **Plaintiff's Claims**

Pursuant to the severance order, Plaintiff's claims, premised on events occurring in Oklahoma City, Oklahoma, are based on the following factual allegations:

> In violation of law, on or about December 17, 2012, federal agents did psychologically force plaintiff to hijack an in-flight Boeing 727 airliner with a hoax bomb, subjected plaintiff to assault and battery, punching, kicking, contortioning (extremely painful), twisting, and tying plaintiff with cargo straps into the seat and performing an emergency landing at Atlanta's Hartfield International Airport and dragging plaintiff down the stairs and throwing him onto the tarmac approximately 100 yards from the plane. Cutting plaintiff's clothes off and re-tying plaintiff into a seat. These acts, and omissions to prevent the torture, caused directly or proximately physical and psychological injuries that continue to

---

[2] Although Plaintiff identifies Oklahoma City, Oklahoma as the place where the wrongs against him allegedly occurred, his allegations address, at least in part, conduct also occurring in Atlanta, Georgia. It does not appear venue is proper in this judicial district as to any claims based on conduct occurring in Atlanta, Georgia. *See* 28 U.S.C. § 1391.

> effect plaintiff presently. No indictment was filed. Photographic evidence of physical injuries, medical etc.

*See* Complaint at p. 9. Plaintiff identifies the constitutional basis for these claims as arising under the Fifth and Eighth Amendments to the United States Constitution. *See* Complaint at p. 5. As relief, Plaintiff seeks "compensatory and punitive damages only." *Id*. at p. 13.

**III.     Screening of Complaint – Governing Standard**

Where, as here, a prisoner is proceeding in forma pauperis, the court must dismiss the case if, at any time, the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In addition, the court has a duty to screen a complaint in a civil action where a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity and must dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See id*., § 1915A(b)(1).

A pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to comply with Rule 8 may result in the dismissal of an action. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[T]o be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

The court's review of a complaint under § 1915(e)(2)(B) and § 1915A(b) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s]

the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**IV.** <u>**Analysis**</u>

    **A.** **Plaintiff's Claims Should be Dismissed Because the Claims Lack Sufficient Factual Allegations and are Frivolous**

Plaintiff alleges federal agents forced him to hijack an in-flight airplane. Plaintiff identifies this claim as occurring in Oklahoma City, Oklahoma. However, Plaintiff does not identify any particular facts related thereto. For instance, he does not state why he was on the flight, where the flight departed from, whether passengers were present on the plane, whether the plane was a commercial plane or used for some other purpose, or any other facts to identify the circumstances of the alleged hijack. Similarly, Plaintiff does not identify any defendant responsible for the alleged wrongful conduct. He merely makes reference to "federal agents." Plaintiff's allegations fail to include any information that would allow the Court to identify who the federal actors might be, including the agency they work for and where they are employed.

Plaintiff's Complaint, therefore, is deficient in that it fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."); *Nasious*, 492 F.3d at 1163 (the allegations of Plaintiff's Complaint should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated"). Here, Plaintiff's Complaint is wholly deficient and does not plausibly state facts sufficient to support any claim against the unidentified federal agents. *Compare Langmade v. Denver Police Dept.*, 276 F. App'x 852, 853 (10th Cir. 2008) (affirming dismissal of prisoner's complaint alleging that "a Denver police officer used his position to engingeer [a sexual assault] by rendering [the prisoner] unconscious and enlisting the aid and participation of public officials" on grounds complaint did not comply with Fed. R. Civ. P. 8(a)).

The Court further finds Plaintiff's allegations are frivolous. A claim is frivolous if it is "based on an indisputably meritless legal theory" or if its "factual contentions are clearly baseless." *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation omitted). Frivolous claims include those based on facts that "describ[e] fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

Although this Court's review of the Complaint is limited to the airplane hijack alleged to have occurred in Oklahoma City, Oklahoma, Plaintiff's allegations as to conduct occurring elsewhere are similarly fantastical and underscore the frivolousness of his allegations. *See, e.g.*, Complaint at p. 7 (alleging federal agents forced Plaintiff to mail anthrax into the community approximately 103 times); *see also id.* at p. 8 (alleging federal agents forced Plaintiff to kidnap a

5

Secret Service agent and hold him hostage); *id*. (alleging federal agents forced Plaintiff to "physically kidnap former state congressman and governor-elect Steve Nunn"). Thus, dismissal of Plaintiff's claims as frivolous is warranted.

> **B. Plaintiff's Claims are Time-Barred**

In addition, the face of the Complaint establishes Plaintiff's claims are time-barred. He alleges the wrongful conduct in Oklahoma City, Oklahoma occurred on December 17, 2012. The statute of limitations governing a *Bivens* claim is determined through the state's limitations period for a personal injury claim. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994); *see also Gilyard v. Gibson*, 612 F. App'x 486, 487 (10th Cir. 2015). Under Oklahoma law, this period is two years. *See* Okla. Stat. tit. 12 § 95(A)(3) (setting forth a two-year period of limitations for "an action for injury to the rights of another, not arising on contract"). Petitioner filed his Complaint on January 14, 2015, after expiration of the two-year limitations period. Therefore, unless in any objection to this Report and Recommendation, Plaintiff describes with specificity why equitable tolling should apply, Plaintiff's claims should be dismissed as untimely. *See Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010) (noting that where complaint was untimely prisoner should be granted opportunity to describe with specificity why equitable tolling should apply).

> **C. Plaintiff's Claims Against the United States and any Federal Agent in His or Her Official Capacity Are Barred by Sovereign Immunity**

Finally, Plaintiff's *Bivens* claims for monetary damages against the United States or any federal agent acting in an official capacity must be dismissed on grounds of sovereign immunity. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (a federal prisoner in a BOP facility may bring a *Bivens* action against an officer acting in his individual capacity but "[t]he prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the

BOP."); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."). Because a claim against a federal agent acting in an official capacity is essentially a claim against the United States, any such official capacity claims must also be dismissed on grounds of sovereign immunity. *See Gowadia v. Stearns*, 596 F. App'x 667, 67-71 (10th Cir. 2014) (*citing Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)).

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 16, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 25th day of November, 2015.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE